# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOSHUA LEE HUNT,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-3011-LRR<br>No. CR14-3006-LRR<br><br>ORDER |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1), filed on February 11, 2016, motion to appoint counsel (civil docket no. 2), filed on February 11, 2016, motion to amend (civil docket no. 3), filed on July 1, 2016, and motion to hold motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in abeyance (civil docket no. 4), filed on July 14, 2016.

In the interest of judicial efficiency, the court deems it appropriate to consider all of the movant's claims and his legal authority. Accordingly, the motion to amend (civil docket no. 3) is granted. Concerning the motion to hold motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in abeyance (civil docket no. 4), the Supreme Court decided the cases that the movant referenced. Accordingly, the motion to hold motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in abeyance (civil docket no. 4) is denied as moot.

The movant's Sentencing Guidelines claim is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal"). In addition, the movant's Sentencing Guidelines claim is without merit

because relief under § 2255 is severely limited. *See Hill v. United States*, 368 U.S. 424, 430 (1962) (explaining that a sentence is not illegal if the "punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, [or] the terms of the sentence itself [are not] legally or constitutionally invalid in any other respect"); *Sun Bear v. United States*, 644 F.3d 700, 706 (8th Cir. 2011) (emphasizing that a sentence is not illegal unless it exceeds the statutory maximum for the offense of conviction). The movant merely asserts that the court miscalculated the Sentencing Guidelines, but such assertion is not a proper basis for relief under § 2255. *See Sun Bear*, 644 F.3d at 704-05 (concluding that sentencing errors are generally not cognizable in § 2255 proceedings). Additionally, the movant is currently serving a sentence of 240 months imprisonment, which is the statutory mandatory minimum sentence. Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.[1] As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). In light of the foregoing, a certificate of appealability under 28 U.S.C. § 2253 will not issue. Lastly, the

---

[1] The court notes that the movant's reliance on *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), which reiterated the methodology for determining whether a prior conviction qualifies as a violent felony for purposes of the ACCA, is unavailing because the Supreme Court did not recognize a new right that is retroactively applicable on collateral review. *Cf. Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (upholding dismissal under § 2255(f) because *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), did not involve "newly recognized" right). The court also notes that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause). *See Beckles v. United States*, ___ U.S. ___, ___, ___ S. Ct. ___, ___, 2017 WL 855781, at *6 (Mar. 6, 2017).

movant's motion to appoint counsel (civil docket no. 2) is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 18th day of August, 2017.

*[signature]*
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA